# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Case No. 2:15CR00015-011 |
| v. | ) |
| | ) **OPINION AND ORDER** |
| **WESLEY DAVID GROSS,** | ) |
| | ) By: James P. Jones |
| Defendant. | ) United States District Judge |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; John T. Stanford, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from his sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] The defendant's motion has been fully briefed and is ripe for decision.

---

[1] The Sentencing Commission has adopted such policy provisions. Those policies provide in pertinent part that release may be granted if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction" and "[t]he defendant is not

I.

Gross was sentenced by this court on October 18, 2016, after pleading guilty to conspiring to distribute alpha-PVP, also known as bath salts, in violation of 21 U.S.C. § 846.  In a written Plea Agreement, the government agreed to dismiss a charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  The court determined he had a sentencing range of 108 months to 135 months, based on a Total Offense Level of 29 and a criminal history category of III.  However, the court granted his request for a variance and sentenced him below the guidelines to 96 months imprisonment.  His present projected release date is November 30, 2023.

Gross has been diagnosed with hepatitis C and asthma, and he has received treatment while incarcerated.  Bureau of Prisons Health Services, Clinical Health Encounter 5, ECF No. 1103.  Gross is incarcerated at Fort Dix FCI, in Joint Base MDL, New Jersey.  Fort Dix FCI has 14 active inmate cases as of July 6, 2020.

---

a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13(1)(A), (2) (U.S. Sentencing Comm'n 2018). Those policies have not changed since the First Step Act of 2018 amended § 3582(c)(1)(A) to allow a direct motion by the inmate. But in any event, even the present commentary to § 1B1.13, while listing circumstances that the Director of the Bureau of Prisons is encouraged to consider in determining whether to file a motion for reduction, also emphasizes that "[t]he court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction) after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community." *Id.* at cmt. n.4.

Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 6, 2020).

Gross submitted his request to the Warden for compassionate release on April 17, 2020. Gross filed a pro se motion with this court on May 18, 2020, seeking a reduction in his sentence based on the ongoing coronavirus pandemic. He claimed to suffer from asthma, COPD, hepatitis C, and other health conditions. The court appointed the Federal Public Defender to represent Gross in connection with his motion and that office filed a supplemental motion that stated that he would live with his elderly mother if he is released. In its response, the United States argued that the Bureau of Prisons ("BOP") has adopted adequate policies to protect inmates and staff from infection. It also asserted that Gross's underlying health conditions do not put him at a higher risk of contracting Covid-19. In addition, it disputed Gross's assertion that he suffers from COPD because he only noted a history in March 2020, and he had no independent medical records to support his claim. The same is true for Gross's proclaimed mild emphysema. Ultimately, the government concluded that he is not a good candidate for compassionate release due the serious nature of his underlying conduct, his extensive criminal record, his recidivism risk, and his numerous infractions while incarcerated. Gross replied by challenging the validity of his disciplinary infractions and emphasizing his mild asthma, although he

did not address the government's contention that he was incorrect about suffering from COPD.

II.

Thirty days have now elapsed since Gross requested compassionate release on April 17, 2020, and the Warden has not responded to his request. Therefore, his request is ripe for my consideration.

The USSG advises that a court should consider three issues before turning to the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable: (1) whether extraordinary and compelling reasons warrant the reduction; (2) whether the inmate is a danger to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether such a reduction is consistent with the policy statement. USSG § 1B1.13.

Gross is 44 years old. He graduated from high school. He does not have any special skills, and he worked in logging and construction before becoming disabled. He has received disability payments since September 2011. Gross is married and he has two children, although his wive's parents have custody of the children due to his and his wife's drug use. Gross has a limited criminal history that includes two convictions for drug possession and one theft conviction. He also has a long substance-abuse history. He started with marijuana, and he eventually expanded to

prescription opiates and bath salts.  He has served approximately half of his 96-month sentence.

The facts supporting his conviction are serious in nature.  Gross was involved in a substantial bath salts distribution network, in which he was a leader of the conspiracy and he coordinated with foreign suppliers to import the drug into Southwest Virginia.  His Presentence Investigation Report found that he was accountable for the importation of approximately 52 kilograms of bath salts throughout 2013 and at least half a kilogram in January 2014.  Gross then distributed these drugs to his coconspirators to sell.  He has demonstrated an inability to comply with requirements, including committing numerous infractions while incarcerated.  Ultimately, Gross has shown a consistent refusal to follow the rules, and his noncompliance may continue if he were to be released at this stage.  Considering these facts and the § 3553(a) factors, including the need for deterrence and to protect the public, I find that Gross is not qualified for such extraordinary relief.

### III.

For the reasons stated, it is **ORDERED** that the defendant's motion, ECF Nos. 1081 and 1100, are DENIED.

ENTER:  July 7, 2020

/s/  JAMES P. JONES
United States District Judge